# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAHAZEL BLACK, individually and on behalf of all others similarly situated, | CIVIL ACTION |
| Plaintiff, | FILE NO.: 1:21-cv-01363-LMM |
| v. | COMPLAINT - CLASS ACTION |
| USAA CASUALTY INSURANCE COMPANY, | JURY DEMAND |
| Defendant. | |

## FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiff, Jahazel Black, on behalf of herself and the proposed Settlement Class, and USAA CIC Insurance Company ("USAA CIC"), have agreed, subject to Court approval following sending of the Class Notice to the Settlement Class and a hearing, to settle this Action upon the terms and conditions in the Class Action Settlement Agreement dated June 14, 2023 (the "Settlement Agreement" or the "Agreement"), Doc. 52-3, which together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein.

The Court has read and considered the Settlement Agreement; and

WHEREAS, good cause has been shown, and the Court having considered the record and arguments of counsel, and being otherwise fully advised in the premises,

WHEREAS, this Court granted preliminary approval (Doc. 55) of the Settlement Agreement on June 26, 2023 (including the attachments thereto), and directed that Notice be provided in accordance with the terms of the Agreement thereby providing the opportunity for Class Members to evaluate the Agreement's terms and to submit a claim, request exclusion, or submit an objection, and set a final approval Fairness Hearing for December 13, 2023;

WHEREAS, this Court ordered that Notice be directed to Class Members pursuant to the terms of the Settlement Agreement;

WHEREAS, the Parties have demonstrated that the Notice plan was completed in accordance with the terms of the Settlement Agreement and pursuant to this Court's Order;

WHEREAS, in accordance with the Notice, a final fairness Hearing was conducted on December 13, 2023, during which this Court considered (1) the fairness, adequacy, and reasonableness of the Settlement Agreement terms under Fed. R. Civ. P. 23(e), (2) whether certification of the Settlement

Class was proper under Rule 23; and (3) whether the attorneys' fees, costs, and incentive awards sought were fair and reasonable under Rule 23(h);

WHEREAS, the Motion for Attorneys' Fees, Costs, and Approval of Individual Settlement were filed on August 25, 2023 (Doc. 57), thirty days before the deadline to object to the settlement;

WHEREAS, there were no objections to the Settlement by any party, Class Member, or non-Class Member;

WHEREAS, this Court has fulfilled its duty to analyze the fairness, reasonableness, and adequacy of the proposed Settlement Agreement and the Motion for Attorneys' Fees, Costs, and Service Awards by considering not only the filings and arguments of Plaintiffs, Class Counsel, and Defendant, but also by independently evaluating the Settlement Agreement and Class Counsel's Motion for Fees, Costs, and Approval of Individual Settlement;

WHEREAS, by performing this independent analysis of the Motion for Final Approval, the Settlement Agreement as well as Class Counsel's Motion for Attorneys' Fees, Costs, and Approval of Individual Settlement (which provided fees, costs, and incentive awards in addition to Class Member recovery, and which did not diminish or reduce Class Member recovery), the Court considered and protected the interests of all absent

3

Settlement Class Members under Fed. R. Civ. P. 23;

WHEREAS, the Mailed Notices and a Settlement Website advised Settlement Class Members of the method by which Class Members could opt out from the proposed Settlement and Settlement Class, and independently pursue an individual legal remedy against Defendants;

WHEREAS, pursuant to the Settlement Agreement and this Court's Order, all Settlement Class Members maintained the absolute right to request exclusion and pursue an individual lawsuit against Defendants;

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms of the Settlement Agreement and as explained in the Mailed and Longform Notices voluntarily waived the right to pursue an independent remedy against Defendants;

WHEREAS, the Mailed and Longform Notices advised Settlement Class Members of the method by which Class Members could file objections to the Settlement Agreement, including the terms of the Agreement or the amount of attorneys' fees, costs, or incentive awards, and any timely objectors could request to be heard at the final Fairness Hearing;

WHEREAS, no Class Members or non-Class Members have filed any objections at any time or as to any issue;

NOW, THEREFORE, based upon the Settlement Agreement, all files,

records, and proceedings herein, statements of counsel, including those set forth in the Motion for Final Approval and the Motion for Attorneys' Fees, Costs, and Approval of Individual Settlement, along with the declarations affixed thereto, and upon the Hearing conducted on December 13, 2023, this Court finds and concludes as follows:

1. The Settlement Agreement (including its Exhibits) is hereby incorporated by reference in this Order, and all terms defined in the Agreement have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. On June 26, 2023, this Court entered an Order certifying the Settlement Class, in which this Court found that (1) the negotiations prior to the Agreement occurred at arm's length, (2) there was significant and sufficient discovery in this case prior to settlement, and (3) the proponents of the Settlement Agreement were experienced in similar litigation. The Court preliminarily approved the Agreement (including Exhibits), and found the proposed Agreement was sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.

4. As set forth in the Order of preliminary approval (Doc. 55) the Court

certified the following class:

> All insureds covered under any Georgia private passenger
> automobile insurance policy issued by USAA CIC with the
> same operative policy language covering a vehicle with
> auto physical damage coverage for comprehensive or
> collision loss who made a first-party claim which USAA
> CIC paid as a Total Loss within the relevant time period
> and who were not paid all of the TAVT due on their total
> loss claims, and who do not timely opt-out from the
> settlement class.

5. Those excluded from the Class are set forth in Exhibit A to this

Order.

6. The Court further found that, for purposes of settlement, the Named

Plaintiff possessed Article III standing and that the Class was

adequately defined and clearly ascertainable, that the Rule 23(a)

prerequisites were satisfied, and that the Rule 23(b)(3) factors favored

certification of the Settlement Class.

7. The Court hereby reaffirms this definition of the Settlement Class for

purposes of this Final Order and Judgment and certifies this Action,

for settlement purposes only, as a Class Action. The Settlement Class

as defined above is adequately defined and clearly ascertainable, and

record evidence demonstrates the numerosity, commonality,

typicality, and adequacy prerequisites are satisfied, common

questions of law and fact predominate over any individual questions, and class treatment is superior to any alternative method of adjudication.

8. Such finding should not be deemed an admission by USAA CIC of liability or fault or a finding of the validity of claims asserted in the Action or of any wrongdoing by USAA CIC. Neither the terms and provisions of the Agreement nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by the Released Persons of the truth of the allegations made in the Action, or of any liability, fault, or wrongdoing on the part of the Released Persons.

9. Plaintiff Black has sufficiently demonstrated Article III standing and satisfied Rule 23(a)(4)'s adequacy prerequisite, and is appointed representative of the Settlement Class ("Class Representative").

10. Having also satisfied the adequacy prerequisite prescribed by Rule 23(a)(4), the following attorneys are appointed as counsel for the Settlement Class ("Class Counsel"):

HALL & LAMPROS LLP
Christopher B. Hall, Esq.
Gordon Van Remmen, Esq.
300 Galleria Parkway
Suite 300
Atlanta, GA 30339

EDELSBERG LAW
Scott Edelsberg, Esq.
Christopher Gold, Esq.
20900 NE 30th Avenue
Suite 417
Aventura, FL 333180

SHAMIS & GENTILE, P.A.
Andrew Shamis, Esq.
14 NE 1st Avenue
Suite 1205
Miami, FL 33132

LINDSEY & LACY, PC
W. Thomas Lacy, Esq.
Georgia Bar No. 431032
200 Westpark Drive, Suite 28
Peachtree City, GA 30269

11. This Order shall not be used as evidence or be interpreted in any way to be relevant to whether litigation classes or the previously certified Classes should be or should have been certified for class treatment in another case.

12. On June 26, 2023, the Court approved the Mail Notice Form and Claim Form, Longform Notice, and Electronic Claim Form, submitted to the Court as Exhibits 7, 8, and 9 to the Motion for Preliminary Approval (Doc. 52), and directed that the Notices and Claim Forms be sent in the manner set forth in the Agreement, including the procedures for Notices returned as undelivered or due to an incorrect address.

13. Before the final hearing, the Parties submitted evidence that the Notice plan and the settlement website, which informed Settlement Class members of the terms of the proposed Settlement Agreement

8

and of their right and opportunity to request exclusion from the Settlement Class and to object to the terms of the Agreement, were disseminated and posted pursuant to and in compliance with the Order granting preliminary approval.

14. As such, and as confirmed based on review of the evidence submitted and arguments asserted by counsel, the Court finds that the notice provided to Settlement Class Members (i) was the best practicable notice under the circumstances; (ii) was calculated to apprise Settlement Class Members of the pendency of the Action and their right to object to or seek exclusion from the Proposed Settlement and to appear at the final Fairness Hearing; and (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

15. Additionally, the Court finds and concludes that the Notice plan set forth in the Preliminary Approval Order and effectuated by the Parties complied with the requirements of Fed. R. Civ. P. 23, along with the due process requirements prescribed by the Georgia and United States Constitutions. The Court further finds that the notice campaign stated in plain, easily understood language, *inter alia*, (a) the nature of the action; (b) the Settlement Class definition; (c) the

claims and defenses at issue; (d) that Settlement Class Members could object to the proposed Settlement Agreement and could participate in person or through counsel; (e) the method by which Settlement Class Members could elect to be excluded from the proposed Settlement Agreement and Settlement Class, and that the Court will exclude any Class Members who timely and properly requested exclusion; and (f) the binding effect of final judgment on Settlement Class Members who did not request exclusion from the Settlement Class.

16. For these reasons, the Notice as disseminated is finally approved as fair, reasonable, and adequate.

17. The Court finds that the Class Action Fairness Act Notice provided on behalf of USAA CIC by the Settlement Administrator complied with 28 U.S.C. § 1715(b). None of the agencies to whom notice was provided objected to the settlement, which supports the fairness of the Settlement Agreement. *See, e.g.*, *Hamilton v. SunTrust Mortg, Inc.*, No. 13-60749, 2014 U.S. Dist. LEXIS 154762, at *4 (S.D. Fla. Oct. 24, 2014) (finding that where "not a single state attorney general or regulator submitted an objection...such facts are overwhelming support for the settlement").

18. The Fairness Hearing and the evidence before the Court support a finding that the Agreement was entered in good faith between the Plaintiff and Defendant. Specifically, the Court affirms its findings in the Order granting preliminary approval that negotiations occurred at arm's length, that there was sufficient and extensive discovery prior to settlement, and that the Settlement Agreement is fair, reasonable, and adequate to Settlement Class Members, based on, *inter alia*, the absence of any objections.

19. Based on the terms and conditions set forth in the Settlement Agreement, and given the benefits conferred by the Settlement Agreement to Settlement Class Members compared to the risks of continued prosecution and appeal, settlement of this Action is finally approved as fair, reasonable, adequate, and in the best interest of Settlement Class Members.

20. Where a proposed settlement class complies with the Rule 23 requirements, this Circuit expresses a strong preference towards settlement of class litigation, and as such class settlements should be approved if the terms are "fair, adequate, reasonable, and not the product of collusion." *Leverso v. SouthTrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994).

21. The textual requirements for approval of proposed settlements are set forth in Rule 23(e)(2), under which settlements may be approved if (i) the Class was adequately represented and the settlement was negotiated at arm's length, and (ii) the relief provided is adequate under the factors outlined in Rule 23(e)(2)(C). The Court finds that these requirements are satisfied here.

22. Rule 23 is intended to "focus the court and the lawyers on the core concerns" of whether a settlement is fair and reasonable, but not to eliminate the various circuits' governing law on class action settlements. Fed. R. Civ. P. 23(e)(2) Committee Notes on Amendment – 2018. As such, the factors prescribed by *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984) for courts to consider when evaluating the terms of a proposed settlement remain relevant. *See In re S. Co. Shareholder Derivative Litig.*, No. 1:17-CV-725-MHC, 2022 WL 4545614, at *5 (N.D. Ga. June 9, 2022) (applying the *Bennett* factors). These factors are: (1) likelihood of success at trial; (2) range of potential recovery; (3) the point on the range at which a settlement is fair, adequate, and reasonable; (4) complexity, expense, and duration of litigation; (5) nature of any opposition to the settlement; and (6)

stage of proceedings when settlement occurred. *Bennett*, <u>737 F.2d at 986</u>.

23. The Rule 23(e)(2) threshold requirements – adequate representation and arm's length negotiations – weigh in favor of settlement here. First, the question of adequate representation concerns whether the class representatives secured the information and knowledge of the relevant claims and defenses necessary to make an intelligent assessment of the pros and cons of potential settlement terms. Fed. R. Civ. P. 23(e)(2)(A); *see also Williams v. New Penn Fin., LLC*, Case No.: 3:17-cv-570-J-25JRK, <u>2019 U.S. Dist. LEXIS 106268</u>, at * (M.D. Fla. May 8, 2019) (adequacy requirement addresses whether class representatives had "adequate information base" to evaluate potential settlement terms).[1]

24. The stage of the proceedings and amount of discovery completed support settlement. Plaintiff propounded and Defendant responded to extensive discovery in this case. The Parties engaged in sophisticated

---

[1] As other courts have noted, this requirement essentially overlaps with the *Bennett* "stage of proceedings" factor, *see Cook v. Gov't Emples. Ins. Co.,* <u>2020 U.S. Dist. LEXIS 111956, at *18</u> (M.D. Fla. Jun. 22, 2020) (citations omitted), which is also intended "to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma v. Am. Express Co.*, <u>406 F. Supp. 2d 1298, 1324</u> (S.D. Fla. 2005).

data analysis and relied upon multiple expert witnesses. The extensive data analysis and Plaintiff's demands resulted in USAA CIC supplementing data productions 7 times. Plaintiff's counsel has extensive experience analyzing USAA CIC data, having resolved class action cases against USAA CIC in the past. *McPheeters v. United Servs. Auto. Ass'n*, 1:20-cv-00414-MWM, Docket No. 98 (Dec. 5, 2022) (approving class action settlement for unpaid sales tax on auto total loss claims); *see also Bastian v. United Servs. Auto. Ass'n*, 2017 U.S. Dist. LEXIS 180757 (M.D. Fla. Nov. 1, 2017) (approving class action settlement for unpaid sales tax on auto total loss claims).

25. Record evidence demonstrates that the Class Counsel evaluated voluminous discovery and data. The Class Representative and her Counsel were well-versed in the information necessary to evaluate the merits and benefits of settlement compared to the risk of further litigation.

26. As such, the Court finds that the Class Representatives have satisfied the Rule 23(e)(2)(A) "adequacy of representation" requirement, and further finds that the *Bennett* "stage of proceedings" weighs in favor of approving the Settlement Agreement.

27. Additionally, the record evidence demonstrates the "arm's length negotiations" requirement prescribed by Rule 23(e)(2)(A) is also satisfied here, particularly given that settlement occurred after extensive negotiations.

28. The Court therefore finds that the Rule 23(e)(2)(a) "arm's length negotiations" procedural requirement is satisfied here.

29. Turning to whether the substantive terms of the Settlement Agreement are fair and reasonable, Rule 23(e)(2)(C) prescribes the following factors for courts to analyze in evaluating a settlement's terms: the risk of non-settlement, the method for processing claims and distributing relief, and the terms of attorneys' fees. *See* <u>Fed. R. Civ. P. 23(e)(2)(C)(i)</u>-(iii).

30. The first factor – the "costs, risks, and delay of trial and appeal" – overlaps with the first four *Bennett* factors: (1) likelihood of success, (2) range of potential recovery, (3) where, on the range of potential recovery, the amount to which Class Members are entitled falls, and (4) the duration and length of litigation. *See, e.g.*, *Williams v. New Penn Fin., LLC*, <u>2019 U.S. Dist. LEXIS 106268, at *11</u> (M.D. Fla. May 8, 2019). The question under Rule 23(e)(2)(C)(i) and the first four *Bennett* factors is whether class members' potential recovery if

ultimately successful on the merits, taking into account the risks of losing outright, is consistent with the relief provided by the proposed settlement agreement. *See Cook v. Gov't Emples. Ins. Co.,* 2020 U.S. Dist. LEXIS 111956, at *20 (M.D. Fla. Jun. 22, 2020) ("[C]ourts should estimate the potential recovery if ultimately successful versus the risks of losing outright and determine whether the relief provided comports therewith."). The question is not the amount of relief in a vacuum, but "whether that relief is reasonable when compared with the relief 'plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing.'" *Burrow v. Forjas Taurus S.A.*, Case No. 16-21606-Civ-TORRES, 2019 U.S. Dist. LEXIS 151734, at *9 (S.D. Fla. Sep. 6, 2019) (citations omitted).

31. The Agreement provides 100% of the unpaid TAVT. Agreement at ¶ 74(b). Defendant will pay approximately $252 per claim. The Settlement does not provide payment for a $5.00 registration fee, which compared to the TAVT is less than 2% of the average claim, but the limited release preserves all registration fee claims and all other conceivable claims against Defendant other than relating to tax. Thus, potential recovery ranges from $0.00 (were Class Members to lose outright) to complete payment of TAVT and possibly a $5 registration fee. The Settlement Agreement provides the

high end of potential damages to every Settlement Class Member who submits a claim.

32. As such, the place "on the range of potential recovery" in which the relief afforded falls is clearly adequate, as it exceeds the top of that range. *See Lee v. Ocwen Loan Servicing, LLC*, <u>2015 U.S. Dist. LEXIS 121998, at *7</u> (S.D. Fla. Sep. 14, 2015) (settlements that "provide near-complete relief to class members on a claims-made basis" are an "extraordinary result"); *cf. Bennett*, <u>737 F.2d at 987</u> n. 9 (approved settlement providing 5.6% of the potential recoverable damages). The Court notes that, under the Settlement Agreement, USAA CIC agreed to change (and in fact has changed) their business practice and begin including the correct TAVT on total loss claims. *See Figueroa v. Sharper Image Corp.*, <u>517 F. Supp. 2d 1292, 1326</u> (S.D. Fla. 2007) (potential recovery and benefits "spans from a finding of non-liability" to "varying levels of injunctive relief" to monetary benefits).

33. The Court also notes that no court had ruled on a lawsuit seeking to require an insurer to pay TAVT of not less than the TAVT due applying the fair market value of the TAVT Assessment Manual.

34. Thus, the Court finds that Rule 23(e)(2)(C)(i) weighs in favor of approving the Settlement Agreement.

35. The next substantive factor relevant to the terms of proposed settlement agreements is the method for "distributing relief" and "processing class-members claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). Here, the claims' process and forms approved by the Court and implemented by the Parties was simple and straightforward. USAA CIC provided the information necessary to pre-fill the settlement claim forms, meaning that Settlement Class Members needed only to attest that the information was correct to the best of their knowledge (or update their address in the event they had moved). *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *22-23 (finding that similar method for claim processing weighed in favor of approval because it was "simple, streamlined, and straightforward) (citing *Wilson v. Everbank*, 2016 U.S. Dist. LEXIS 15751, 2016 WL 457011, at *9 (S.D. Fla. Feb. 3, 2016) (finding significant that claim process "should take no more than a few minutes for the average claimant to complete")).

36. Thus, this Court finds that Rule 23(e)(2)(C)(ii) favors approval of the Settlement Agreement.

37. The next factor is the "terms of any proposed award of attorney's fees[.]" Fed. R. Civ. P. 23(e)(2)(C)(iii). Class Counsel filed an Unopposed Motion for Attorneys' Fees, Costs and Approval of Individual Settlement on August 26, 2023. (Doc. 57). The Motion

seeks $572,934.50 in attorneys' fees and costs (25% of the class cash benefit). *Id.* at 1; Agreement at ¶ 87. Case costs are to date (before final damages analysis of call claims) were $11,577.00 at the time Plaintiff filed her motion for fees and costs. *See* Hall Declaration of 8/25/23 (Doc. 57-1) at ¶¶ 28. Based on costs expended to date, attorneys' fee are be approximately $561,358.50 ($572,935.50 minus

$11,577 in costs), or 24.5% percent of the $2,291,738.00 cash benefit. Hall Decl. (52-4) at ¶¶ 27-28. This percentage does not account for benefit accruing from change in practice during the litigation to pay TAVT on total loss claims pursuant to Plaintiff's theory of liability. Martin Decl. (Doc. 57-2) at ¶ 14. This change in practice benefited the Class by $575,513.74 in the first 12 months. *Id*. The attorneys' fees sought of $561,357.50 is 19.6% percent of the cash benefit and the 12-month change-in practice benefit of $2,867,251.74 ($2,291,738.00 + $575,513.74 = $2,867,251.74).

38. The percentages sought by Class Counsel fall within the Eleventh Circuit benchmark for attorneys' fees, which is 20-30% of the benefit to the class. *See Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 767 (11th Cir. 2017) ("[I]n this circuit we have identified twenty to thirty percent of the common fund as a 'benchmark' for an attorney's fee award."); *see also In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019) ("In this Circuit, courts typically award [attorneys' fees] between 20-30% [of the class benefit], known as the benchmark range.").

39. Thus, this Court finds that Rule 23(e)(2)(C)(iii) favors approval of the Agreement.

40. The final Rule 23 substantive factor addresses whether the Settlement Agreement equitably treats class members. *See* Fed. R. Civ. P. 23(e)(2)(D). Under the Settlement Agreement, Settlement Class Members are treated identically – every Class Member was to receive the same Notice, the same pre-filled Claim Form, and the same measure of damages. *See Cook*, 2020 U.S. Dist. LEXIS 111956, at *24 (finding that Rule 23(e)(2)(D) favored settlement because "Settlement Class Members are treated identically insofar as it relates to Notice, Claim Forms, damages, and all other material ways."). Additionally, the scope of the release identically impacts all Class Members. *See* Rule 23(e)(2)(D), Committee Notes on Rules - 2018 Amendment (courts should evaluate whether "the scope of the release may affect class members in different ways"). As such, this Court finds that Rule 23(e)(2)(D) weighs in favor of approval of the settlement.

41. Finally, the Court notes that the two *Bennett* factors not subsumed within Rule 23 – *i.e.*, the opposition to the settlement terms and the opinions of the Class Representatives – weigh in favor of settlement. First, not a single Class Member lodged an objection, and only one Class Member requested exclusion. Pursuant to the Settlement

Agreement and prior to the Final Approval Hearing, the Class administer submitted an affidavit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each member of the Settlement Class who timely and properly requested exclusion from the Settlement Class or served objections, and detailing the number of Claim Forms that were timely and validly submitted. Doc. 52-3 at p. 17. These numbers strongly support the fairness, adequacy, and reasonableness of the Settlement Agreement. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 694 (S.D. Fla. 2014) ("[L]ow resistance to the settlement [through opt- outs and objections] ... weighs in favor of approving the settlement."); *Morgan v. Public Storage*, 301 F. Supp. 3d 1237, 1252 (S.D. Fla. 2016) (one objection out of "hundreds of thousands class members" indicates strong satisfaction with settlement).

42. Second, the opinions of Class Counsel and the Named Plaintiff favors approval of the settlement. Class Counsel are experienced class action litigators with excellent reputations, and this Court is inclined to give weight to their opinions. *See Thompson v. State Farm Fire & Cas. Co.*, 2019 U.S. Dist. LEXIS 6137, at *14-15 (M.D. Ga. Jan. 14, 2019)

(relying on opinion of Class Counsel because "[a]bsent fraud, collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel.") (quotations omitted); *Cook*, <u>2020 U.S. Dist. LEXIS 111956, at *26</u> (finding that the undersigned are "experienced and well-regarded class action litigators" and taking note of their opinions).

43. Thus, this Court finds that the remaining *Bennett* factors favor approval of the Settlement Agreement.

## NOW, THEREFORE, IT IS ORDERED AND ADJUDGED THAT

44. The Court possesses subject matter jurisdiction over this Action and to approve the Settlement Agreement, and has personal jurisdiction over the Named Plaintiffs, Defendants, and all Settlement Class Members. The Motion for Final Approval of Class Action Settlement is **GRANTED**.

45. The Court finds that all Rule 23(a) prerequisites for certification of a settlement class under have been satisfied and that the Rule 23(b)(3) factors favor certification. As such, the Court confirms certification of the Settlement Class for settlement purposes only.

46. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate and consistent with due process

requirements, and are in the best interests of the Settlement Class. The Settlement Agreement, including all terms and provisions, is approved in all respects, and the Parties are directed to effectuate the Agreement in accordance with its terms.

47. The Court finds that, in negotiating, entering, and implementing the Settlement Agreement, Class Counsel and the Named Plaintiff adequately, appropriately, and fairly represented and protected the interests of Settlement Class Members. As such, the Court reconfirms its appointment of the Named Plaintiff and Class Counsel as Class Representatives, as set forth above.

48. The Court approves the Opt-Out List attached as Exhibit A to this Order. All single Settlement Class Members who submitted the timely request for exclusion as set forth in the Opt-Out list is hereby excluded from the Settlement Class and shall neither share in nor be bound by the Final Order and Judgment. All other Settlement Class Members are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the terms of the Settlement Agreement, including the terms and provisions of the Release set forth therein.

49. This Action is dismissed with prejudice in its entirety on the merits, without leave to amend and without additional fees or costs except those expressly provided in this Final Order and Judgment granting the Motion for Attorneys' Fees, Costs, and Approval of Individual Settlement.

50. Upon entry of this Final Order and Judgment, each Settlement Class Member (unless excluded by the Court), as well as their heirs, estates, trustees, executors, administrators, agents, beneficiaries, successors, assigns, and representatives, and/or anyone acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, shall be conclusively deemed to have fully released and discharged all Released Claims against all Released Parties as defined and set forth in the Settlement Agreement.

51. Other than Defendant, Defendant's counsel and their clerical/administrative personnel, Class Counsel and clerical/administrative personnel employed by Class Counsel, the Settlement Administrator and any clerical/administrative personnel employed by the Settlement Administrator, and such other persons as the Court finds necessary and may order after hearing or notice to counsel of record, no persons shall be permitted to access any

Confidential Information, as defined and set forth in the Settlement Agreement. Class Counsel shall return to Defendant all Confidential Information pursuant to and in accordance with the terms of the Settlement Agreement.

52. This Final Order and Judgment incorporates the remaining terms of the Settlement Agreement, including all provisions addressing jurisdiction to enforce the terms and provisions of the Settlement Agreement, admissibility of the Settlement Agreement, as well as the requirements for properly and timely submitting claims.

53. Plaintiff has requested that the Court approve attorneys' fees of $561,357.50 and costs of $11,577.00 (fees and costs together $572,934.50. Doc 57. at 1; Agreement at ¶ 87. On a cash benefit analysis, the fees are 24.5% percent of the $2,291,738.00 cash benefit. Hall Decl. (Doc. 52-4) at ¶¶ 27-28. This percentage does not account for benefit accruing from change in practice during the litigation to pay TAVT on total loss claims pursuant to Plaintiff's theory of liability. Martin Decl. (Doc. 57-2) at ¶ 14. This change in practice benefited the Class by $575,513.74 in the first 12 months. *Id*. The attorneys' fees sought of $561,357.50 is 19.6% percent of the cash

benefit and the 12-month change-in practice benefit of $2,867,251.74

($2,291,738.00 + $575,513.74 = $2,867,251.74).

54. The percentages sought by Class Counsel fall within the Eleventh Circuit benchmark for attorneys' fees, which is 20-30% of the benefit to the class. *See Carter v. Forjas Taurus, S.A.*, 701 F. App'x 759, 767 (11th Cir. 2017) ("[I]n this circuit we have identified twenty to thirty percent of the common fund as a 'benchmark' for an attorney's fee award."); *see also In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019) ("In this Circuit, courts typically award [attorneys' fees] between 20-30% [of the class benefit], known as the benchmark range.").

55. Plaintiff supported her request and petition with declarations from counsel and their expert Jeffrey Martin. *See* Doc. 57.

56. This Court has reviewed all declarations and evidence submitted in support thereof, and agrees that the fees and costs sought by Plaintiff are reasonable under the analysis prescribed by Eleventh Circuit law and under Rule 23(h), whether calculated as a percentage only of the cash benefits secured by the terms of the Settlement Agreement (in which case the attorneys' fees represent 24.5% of the estimated benefits conferred) or as a percentage of the overall benefit including

prospective relief (19.6% when including only one year of the change in practice), particularly given the robust Notice and narrowly-tailored release. *See Faught v. American Home Shield Corp.*, <u>668 F.3d 1233, 1242</u> (11th Ci<u>r. 2011</u>) ("[T]his Court has often stated that the majority of fees in these cases are reasonable where they fall between 20-25% of the claims.") (citations and quotations omitted).

57. After negotiating the class settlement, the parties considered a more expansive release of claims by Plaintiff. The Parties reached an agreement for more expansive release (beyond the release for claims relating to TAVT) for $5,000. *See* <u>Doc. 52-10</u>. Although the Eleventh Circuit held incentive or service awards that compensate a class representative solely for her time and for bringing a lawsuit unlawful, here Plaintiff is being paid $5,000 not as "a salary, a bounty, or both," but in exchange for agreeing to a broader (separate) release of claims than the release applicable to the other class members. *See Sinkfield v. Persolve Recoveries, LLC*, No. <u>2023 WL 511195</u>, at *3 n.2 (S.D. Fla. Jan. 26, 2023)("Because the Plaintiff is being paid this $1,500.00, not as "a salary, a bounty, or both," but in exchange for agreeing to a broader of claims than the release the other Class Members have given, this payment doesn't violate the strictures of *Johnson v. NPAS*

*Solutions, LLC*, <u>975 F.3d 1244, 1258</u> (11th Ci<u>r. 2020).</u>"); *Broughton v. Payroll Made Easy, Inc.*, No. 2:20-CV-41-NPM, <u>2021 WL 3169135</u>, at *4 (M.D. Fla. July 27, 2021) (same). The Settlement Agreement provides that if the Court does not approve the payment, Plaintiff has agreed that the release and payment will be null and void. Agreement at ¶ 89.

58. The Notice informed the Settlement Class Members of the attorneys' fees, costs, and the payment for individual settlement. (<u>Doc. 52-7</u>, Postcard Notice, and 52-8, Longform Notice). Plaintiffs publicly filed their Motion for Attorneys' Fees, Costs, and Approval of Individual Settlement 30 days before the objection deadline. (<u>Doc. 57</u>). Of the 10,231 notices mailed to Settlement Class Members, not a single objection was made.

59. The Court reaffirms its appointment of Epiq Class Action & Mass Tort Solutions as the Settlement Administrato<u>r.</u>

60. Without in any way affecting the finality of this Final Judgment, and without affecting the jurisdiction of any other court to enforce the Settlement Agreement as appropriate, this Court shall retain continuing jurisdiction over this Action for purposes of: (a) enforcing the terms and provisions of the Settlement Agreement, (b) hearing

and resolving any application by a Party for a settlement bar order, and/or (c) any other matter related or ancillary to any of the foregoing.

61. In accordance with <u>Fed. R. Civ. P. 54</u>, this Final Order and Judgment is a final and appealable order.

62. The Clerk is ORDERED to close this case and terminate all pending motions.

**IT IS SO ORDERED**.

Dated:<u>December 14, 2023</u>

The Honorable Leigh Martin May
United States District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAHAZEL BLACK, individually and on behalf of all other similarly situated,** | ) ) ) ) | **CIVIL ACTION NO. 1:21-CV-01363-LMM** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **USAA CASUALTY INSURANCE COMPANY,** | ) ) ) | |
| **Defendant.** | | |

## JOINT NOTICE OF FILING LIST OF PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

Plaintiff Jahazel Black, individually and on behalf of the Settlement Class, and

Defendant USAA Casualty Insurance Company ("USAA CIC") jointly file this list of

persons excluded from the Settlement Class.

The Settlement Class is as follows subject to the exclusions listed below:

All insureds covered under any Georgia private passenger automobile
insurance policy issued by USAA CIC with the same operative policy
language covering a vehicle with auto physical damage coverage for
comprehensive or collision loss who made a first-party claim which USAA
CIC paid as a Total Loss within the relevant time period and who were not
paid all of the TAVT due on their total loss claims, and who do not timely
opt-out from the settlement class.

Preliminary Approval Order (Doc. 55 at ⁋ 9).

06882812.1

Excluded from the Settlement Class are:

(1) all present or former officers and/or directors of USAA CIC, the Settlement Administrator, Counsel, and Judge of these Courts;[1] and

(2) Ryan Dilworth.[2]

---

[1] Preliminary Approval Order (Doc. 55 at ¶ 10).

[2] The settlement administrator declaration relating to class notice of Cameron R. Azari, Esq., Senior Vice President of Epiq Class Action and Claims Solutions, Inc. identifies Ryan Dilworth as the only person to request to be excluded from the lawsuit. (Doc. 65 at p. 12 and p. 91). Mr. Dilworth's request was untimely (*Id.*). Mr. Dilworth's exclusion request was postmarked November 5, 2023 (7 days late) and states: "I am aware of the deadline of October 29th 2023. I apologize for sending my letter of exclusion late, as I have been caring for a loved one and put aside my personal affairs." Ex. 1, Dilworth Exclusion Request.